Rudy S. **RODRIGUEZ,** Plaintiff— Appellant,

v.

A. **LAMARQUE,** Warden;  et al., Defendants—Appellees.

No. 04–15664.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2006.

Decided March 23, 2006.

---

Rudy S. Rodriguez, Mule Creek State Prison Minimum Yard, Ione, CA, Erica K. Rocush, Esq., Snell & Wilmer, LLP, Tucson, AZ, for Plaintiff–Appellant.

Barbara N. Sutliffe, Esq., Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Rudy Rodriguez, a prisoner incarcerated in Salinas Valley State Prison (SVSP), appeals from the summary judgment in favor of SVSP prison warden, Anthony LaMarque, and prison officials, R. Hernandez, P. Mandeville, and M. Collie (collectively "LaMarque"), in Rodriguez's 42 U.S.C. § 1983 action. We affirm.

We cannot say whether Rodriguez has met the requirements of the Eighth Amendment without further development of the record. His deprivation was more complete but for less time than we held unconstitutional in *Allen v. Sakai*, 48 F.3d 1082 (9th Cir.1994) (as amended), and unlike *Allen*, not all (or perhaps any part) of it was of indefinite duration; it was also shorter than, but of similar character to, the deprivation in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000) (en banc), which we said was "long term" as it exceeded the *Allen* threshold. *Id.* at 1133 n. 15. Rodriguez's deprivation was for more time than we found "temporary" and thus constitutional in *May v. Baldwin*, 109 F.3d 557 (9th Cir.1997), absent medical effects. While the parties do not dispute the historic facts, it is not clear what inferences to draw from the fact that Rodriguez's housing in administrative segregation was in three increments.

However, there is no question that LaMarque is entitled to qualified immunity because *Allen*, *Lopez*, and *May* do not clearly establish that a deprivation of outdoor exercise for the period endured by Rodriguez, without adverse medical effects, is substantial for Eighth Amendment purposes. What happened to Rodriguez falls somewhere between *Allen* and *Lopez* on the one hand, and *May* on the other. In the circumstances, an objectively reasonable prison official would not have realized that his conduct was unconstitutional. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

202

Given this disposition, we do not need to reach whether Rodriguez's claim for damages is barred.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.